15-3480-bk
*In re: Lehman Brothers Holdings Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of October, two thousand sixteen.

PRESENT:   DENNY CHIN,
                    SUSAN L. CARNEY,
                              *Circuit Judges*,
                    KATHERINE B. FORREST,
                              *District Judge*.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

IN RE: LEHMAN BROTHERS HOLDINGS INC.,
                              *Debtor.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

344 INDIVIDUALS, Identified in the Notices of
Appearance of Bankruptcy Court ECF Dkt. Nos.
8234, 8905 and 9459,
                              *Plaintiffs-Appellants*,

                    v.                                                            15-3480-bk

---

     *      Judge Katherine B. Forrest, of the United States District Court for the Southern District of New York, sitting by designation.

JAMES W. GIDDENS, as Trustee for the SIPA
Liquidation of Lehman Brothers Inc.,

*Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


FOR PLAINTIFFS-APPELLANTS:    RICHARD J.J. SCAROLA, Alexander Zubatov, Scarola Malone & Zubatov LLP, New York, New York.

FOR DEFENDANT-APPELLEE:    JAMES C. FITZPATRICK, James B. Kobak, Jr., Marlena C. Frantzides, Karen M. Chau, Hughes Hubbard & Reed LLP, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Ramos, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-appellants ("plaintiffs") appeal the district court's September 30, 2015 judgment affirming the order of the United States Bankruptcy Court for the Southern District of New York (Chapman, *B.J.*) entered August 11, 2014 denying plaintiffs' motion to compel arbitration. The district court explained its reasoning in an opinion and order entered September 30, 2015. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This case arises out of the Securities Investor Protection Act ("SIPA") liquidation proceeding of Lehman Brothers, Inc. ("LBI"), the largest liquidation proceeding in U.S. history. Plaintiffs, former employees of LBI's predecessor Shearson

2

Lehman Brothers, Inc. ("Shearson"), seek deferred compensation pursuant to employee compensation plan agreements (the "Agreements") that they each signed with Shearson in 1985. Plaintiffs filed proofs of claims in the LBI liquidation proceeding. Defendant-appellee James W. Giddens, the SIPA trustee, sought to enforce the provision of the Agreements that provides that each former employee's benefits would be subordinated to certain of LBI's other obligations.

On April 1, 2014, the bankruptcy court converted the trustee's objections into an adversary proceeding. On June 6, 2014, plaintiffs moved to stay the adversary proceeding and to compel arbitration, arguing that, pursuant to an arbitration clause in the Agreements, their level of priority should be decided by FINRA arbitrators, not by the bankruptcy court. On July 30, 2014, the bankruptcy court heard argument and denied the motion to compel arbitration, ruling from the bench. Plaintiffs appealed to the district court, the district court affirmed, and this appeal followed.

In deciding whether to compel arbitration in a bankruptcy context, courts apply a two-part test. First, the court must determine whether the proceeding at issue is core or non-core. *MBNA Am. Bank, N.A. v. Hill*, 436 F.3d 104, 108 (2d Cir. 2006). If the proceeding is non-core, generally the bankruptcy court must stay the proceedings in favor of arbitration, as non-core proceedings usually do not warrant overriding the presumption in favor of arbitration. *In re U.S. Lines, Inc.*, 197 F.3d 631, 640 (2d Cir. 1999); *see also In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 165-66 (2d Cir. 2000).

3

Second, if the proceedings are core, a court must consider whether enforcing the arbitration provisions would seriously jeopardize "any underlying purpose of the Bankruptcy Code." *In re U.S. Lines*, 197 F.3d at 640 (quoting *Hays and Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 885 F.2d 1149, 1161 (3d Cir. 1989)). This two-part test presents mixed questions of law and fact, and on review, we accept the bankruptcy court's factual findings unless they are clearly erroneous and review its conclusions of law *de novo*. *MBNA Am. Bank*, 436 F.3d at 107.

If arbitration would severely conflict with the text, history, or purposes of the Bankruptcy Code, the bankruptcy court has discretion to compel or to stay the arbitration. We review its exercise of that choice for abuse of discretion. "Where the bankruptcy court has properly considered the conflicting policies [of the Federal Arbitration Act and the Bankruptcy Code] in accordance with law, we acknowledge its exercise of discretion and show due deference to its determination that arbitration will seriously jeopardize a particular core bankruptcy proceeding." *In re U.S. Lines*, 197 F.3d at 641.

Here, the bankruptcy court held (1) the proceeding was a core proceeding, and (2) compelling arbitration of the subordination claim would jeopardize the objectives of the Bankruptcy Code. Based on our independent review of the record and the relevant case law, we conclude that the bankruptcy court did not abuse its discretion in denying plaintiffs' motion to compel arbitration. *See In re Stoltz*, 315 F.3d

4

80, 87 (2d Cir. 2002) ("The rulings of a district court acting as an appellate court in a bankruptcy case are subject to plenary review.").

First, the bankruptcy court correctly concluded that, in this SIPA liquidation, the dispute over where plaintiffs' claims fall in the priority scheme of distributions is a core proceeding. *See In re U.S. Lines, Inc.*, 197 F.3d at 637 (core bankruptcy proceedings may include "[f]ixing the order of priority of creditor claims against a debtor" (internal quotation marks omitted)). Additionally, the bankruptcy court correctly concluded that the dispute involving the enforcement of a contractual subordination agreement is core, especially where the parties dispute whether the subordination provision may only be applied by the former entity, Shearson, and not LBI, and whether they are the same entity. *See* 28 U.S.C. § 157(b)(2)(A) ("Core proceedings include, but are not limited to . . . matters concerning the administration of the estate.").

Second, the bankruptcy court did not abuse its discretion in concluding that, in this case, compelling arbitration would jeopardize the objectives of the Bankruptcy Code. The bankruptcy court reasonably determined that "Congress simply could not have intended to turn over the determination of the relative priority of claims against the estate and the equitable distribution of the estate's assets in the largest SIPA liquidation in U.S. history [to] the financial industry regulatory authority to be decided under the rules of the New York Stock Exchange." App. at 1196. The bankruptcy court

5

considered the conflicting policies of the Federal Arbitration Act and the Bankruptcy Code, made a particularized inquiry into the nature of the claims and the facts of LBI's bankruptcy, and found that an underlying purpose of the Bankruptcy Code would be jeopardized by enforcing an arbitration clause in this case. *See MBNA Am. Bank*, 436 F.3d at 108. While the bankruptcy court did not use the phrase "seriously jeopardized" in its conclusions, it did set forth the proper standard earlier in its ruling. Moreover, based on our review of the record, we conclude that arbitration would have "seriously jeopardize[d]" the objectives of the Bankruptcy Code. The bankruptcy court therefore had discretion over whether to permit arbitration of subordination claim.

Accordingly, we must give due deference to the bankruptcy court's decision to stay arbitration unless appellants show that it constituted an abuse of discretion. Given the bankruptcy court's careful analysis of the impact of arbitrating the subordination claim on the bankruptcy proceeding in this case, appellants have not overcome that deferential standard. We therefore agree with the district court that the bankruptcy court did not abuse its discretion in denying the motion to compel arbitration.

We have considered all of plaintiffs' arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6